IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| **LINDA JOLLEY**, individually and on behalf of all others similarly situated, | ) ) ) ) | |
| Plaintiff, | ) ) | |
| | ) ) | **CIVIL ACTION NO:** **CV-19** |
| v. | ) ) | **JURY DEMAND** |
| **THE KRYSTAL COMPANY,** | ) ) | |
| Defendant. | ) ) | |

# *COLLECTIVE ACTION COMPLAINT*

**COMES NOW** the Named Plaintiff, Linda Jolley, and files this lawsuit against Defendant, The Krystal Company (hereinafter "Krystal"), for herself and all others similarly situated, pursuant to §216(b) of the Fair Labor Standards Act (hereinafter "FLSA") and for this cause of action state the following:

1. Defendant is a corporation conducting business in the State of Georgia.

2. Defendant has 350 locations in the United States including the States of Georgia, Alabama, Arkansas, Florida, Kentucky, Louisiana, Mississippi, North and South Carolina, Tennessee and Virginia.

3. Plaintiff Jolley resides in Macon, Georgia.

4. At all times material to this action, Plaintiff Jolley was employed by Defendant at one of its Georgia stores as a General Manager.

1

5. This action is brought pursuant to the FLSA, 29 U.S.C. §201 *et seq.* and specifically the collective action provision of the Act found at §216(b), for equitable and injunctive relief and to remedy violations of the wage provisions of the FLSA by Defendant which have deprived Plaintiff, as well as others similarly situated to Plaintiff, of their lawful wages.

6. This action is brought to recover unpaid compensation, in the form of overtime compensation, owed to the Plaintiff and all current and former General Managers of Defendant, employed within the last three years, who are similarly situated, pursuant to the FLSA.

7. For at least three years prior to filing this Complaint, Defendant has had a uniform policy and practice of consistently requiring its General Managers to work over 50 hours a week for a salaried amount without overtime compensation.

8. Plaintiff was employed with Defendant in the position of General Manager. However, Plaintiff's managerial duties were non-existent or extremely minimal as compared to other non-managerial job duties regularly performed. The General Managers, including Plaintiff, perform minimal, if any, managerial duties. All, or nearly all, of their time is spent performing non-managerial functions, including, but not limited to the following: cooking, cleaning, running registers, waiting on tables, greeting customers, washing dishes and stocking inventory.

9. Plaintiff and all similarly situated General Managers' primary duty does not consist of the management of the location where they work; rather, that responsibility was left to the District Manager or Regional Vice President.

10. Plaintiff and all similarly situated General Managers did not have the authority to

hire and fire hourly employees; did not have the authority to promote, give pay raises or discipline hourly employees nor were her suggestions or recommendation as to the hiring, firing or promotion of employees always accepted or given any weight. The District Manager and/or Regional Vice President was empowered with this authority.

11. As General Manager, Plaintiff did not have the authority to formulate, affect or interpret Krystal's management policies or operating policies.

12. As General Manager, Plaintiff did not have the authority to commit Krystal to matters that have significant financial impact.

13. As General Manager, Plaintiff did not have the authority to waive or deviate from established policies and procedures without prior approval.

14. As General Manager, Plaintiff did not have the authority to negotiate and bind Krystal on significant matters.

15. As General Manager, Plaintiff did not have the authority to make an independent choice, free from immediate direction or supervision, concerning matters of significance.

16. Plaintiff and all similarly situated General Managers were paid a specified weekly salary. Plaintiff, as well as all similarly situated employees, were not paid any overtime compensation despite the fact that the employees always worked more than 40 hours a week and the vast majority of her hours were spent performing non-managerial job duties.

17. Plaintiff and all similarly situated employees who elect to participate in this action seek unpaid overtime compensation, an equal amount of liquidated damages, attorneys' fees, and costs pursuant to 29 U.S.C. §216(b).

18. Defendant is subject to personal jurisdiction in the State of Georgia for the

purpose of this lawsuit.

19. At all times material to this action, Defendant is an enterprise engaged in commerce or in the production of goods for commerce as defined by §203(s)(1) of the FLSA.

20. At all times relevant to this action, Defendant was the "employer" of Plaintiff as defined by §203(d) of the FLSA.

21. At all times material to this action, Plaintiff was an "employee" of Defendant as defined by §203(e)(1) of the FLSA, and worked for Defendant within the territory of the United States within three years preceding the filing of this lawsuit.

22. The provisions set forth in §§206 and 207, respectively, of the FLSA apply to Defendant and all similarly situated General Managers are or were covered by §§206 and 207 of the FLSA during their employment at Defendant.

23. At all times relevant to this action, Defendant employed Plaintiff in the capacity of General Manager.

24. Plaintiff and all similarly situated General Managers were required to perform non-managerial duties without overtime compensation.

25. Defendant has intentionally failed and/or refused to pay Plaintiff and other General Managers salary/rates according to the provisions of the FLSA.

26. Defendant's systems and practices relating to its non-payment of overtime to General Managers and the duties of General Managers, which deprive the Defendant of any FLSA overtime exemptions, have existed for at least three years throughout Defendant's business.

27. For at least three years, Defendant has been aware of the requirements of the

FLSA and its corresponding regulations and their own violations of the FLSA.  Despite this knowledge, Defendant has failed to pay its employees the amount of pay as required.

28. Defendant has intentionally and repeatedly misrepresented the true status of managerial compensation to their General Managers as well as their entitlement to overtime compensation in order to avoid suspicion and inquiry by employees regarding their entitlement to monies owed to them.  Plaintiff, as well as all similarly situated present and former employees, relied upon these misrepresentations by Defendant and were unable to determine their true status under the FLSA by the exercise of reasonable diligence because of those misrepresentations.

29. As a result of the actions of Defendant in fraudulently concealing the true status of its General Managers when performing managerial duties under the FLSA, the applicable statute of limitations governing FLSA actions at 29 U.S.C. §255(a) is tolled for as long as Defendant engaged or engages in the fraudulent and misleading conduct set forth above, which is a period of at least ten (10) years.  Defendant is estopped from raising such statute of limitations as a bar.

30. There are potentially numerous similarly situated employees and former employees of Defendant who have been improperly compensated in violation of the FLSA and who would benefit from the issuance of Supervised Notice of the present lawsuit and the opportunity to join the present lawsuit.  Those similarly situated employees are known to Defendant and are readily identifiable and locatable through Defendant's records.

31. Specifically, all General Managers and former General Managers of Defendant who have been employed with Defendant and have not been properly compensated, would benefit from Supervised Notice and the opportunity to join the present lawsuit and should be so notified.  Specifically, Defendant's locations in Georgia,  Alabama, Arkansas, Florida,

Kentucky, Louisiana, Mississippi, North and South Carolina, Tennessee and Virginia. Defendant has approximately 350 locations in these states.

32. Defendant further has engaged in a widespread pattern and practice of violating the provisions of the FLSA by failing to pay Plaintiff and all similarly situated General Managers and former General Managers in accordance with §207 of the FLSA.

33. As a result of Defendant's violations of the FLSA, Plaintiff, as well as all others similarly situated, have suffered damages by failing to receive compensation in accordance with §207 of the FLSA.

34. In addition to the amount of unpaid wages and benefits owed to the Plaintiff and all similarly situated employees (General Managers), they are also entitled to recover an additional equal amount as liquidated damages pursuant to 29 U.S.C. §216(b) and prejudgment interest.

35. Defendant's actions in failing to compensate Plaintiff, as well as all other similarly situated employees and former employees (General Managers), in violation of the FLSA, were wilful.

36. Defendant has not made a good faith effort to comply with the FLSA.

37. Plaintiff, and all others similarly situated, are also entitled to an award of attorney's fees pursuant to 29 U.S.C. §216(b).

38. Plaintiff has no plain, adequate or complete remedy at law to redress the wrongs alleged herein and this suit for lost overtime and wages, back-pay, declaratory judgment, injunctive relief, and compensatory and punitive damages is her only means of securing adequate relief.

39. Plaintiff is now suffering, and will continue to suffer irreparable injury from Defendant's unlawful conduct as set forth herein unless enjoined by this cause of action.

**WHEREFORE**, Plaintiff, individually and on behalf of all other similarly situated persons (General Managers), pursuant to §216(b) of the FLSA, prays for the following relief:

1. At the earliest possible time, they be allowed to give notice to all Defendant's employees in all locations during the three years immediately preceding the filing of this suit, to all other potential Plaintiff who may be similarly situated informing them that this action has been filed, the nature of the action, and of their right to opt-into this lawsuit if they worked overtime but were not paid compensation and benefits pursuant to 29 U.S.C. §216(b);

2. Plaintiff, and all other potential Plaintiffs, be awarded damages in the amount of their respective unpaid compensation and benefits, plus an equal amount of liquidated damages pursuant to 29 U.S.C. §216(b), and/or prejudgment interest;

3. Plaintiff's and all other potential Plaintiffs' reasonable attorneys' fees, including the costs and expenses of this action; and

4. Such other legal and equitable relief including, but not limited to, any injunctive and/or declaratory relief, to which they may be entitled.

5. Enter an Order requiring Defendant to make Plaintiff, Jolley, whole by awarding her lost wages (plus interest), liquidated damages, attorney's fees and costs.

### PLAINTIFF REQUESTS A TRIAL BY JURY

    Respectfully submitted,

    /s/ William Gregory Dobson, Esq.
    William Gregory Dobson, Esq.
    Georgia Bar No. 237770
    A. Danielle McBride, Esq.

                                        Georgia Bar No. 800824
                                        LOBER & DOBSON, LLC
                                        830 Mulberry Street, Ste. 201
                                        Macon, Georgia 31201
                                        Telephone: (478) 745-7700
                                        Telefacsimile: (478) 745-4888

**OF COUNSEL:**

Gregory O. Wiggins (*pro hac vice* to be filed)
Kevin W. Jent (*pro hac vice* to be filed)
WIGGINS, CHILDS, PANTAZIS,
       FISHER & GOLDFARB, L.L.C.
The Kress Building
301 19th Street North
Birmingham, Alabama 35203
(205) 314-0500


**DEFENDANT'S ADDRESS**

The Krystal Company
c/o CT Corporation System, Reg. Agent
289 South Culver Street
Lawrenceville, Georgia 30046-4805